1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

Josaihas Apolinar Morales and Alla
Yurievna Tereschenko,

               Plaintiffs,

v.

Alejandro Mayorkas, Secretary of
Homeland Security, et al.,

               Defendants.

Case No.: 23-cv-1758 BEN (MSB)

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

[ECF No. 13]

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiffs Josaihas Apolinar Morales and Alla Yurievna Tereschenko filed suit against Alejandro Mayorkas, Secretary of Homeland Security and other government officials.  Before the Court is Defendants' Motion to Dismiss.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion to Dismiss *without prejudice*.

## II.    BACKGROUND

This case arises from the Government's processing of a form I-129F alien fiancé visa.

1

A.      **Statement of Relevant Facts**[1]

Morales is a United States Citizen who has worked for the U.S. Customs and Border Protection as a Border Patrol Agent since 2019.  Tereschenko is a Russian national who, at the time of the Petition was filed in February 2021, worked as an economist for a Russian bank in Vladivostok, Russia.  Over several years Morales and Tereschenko met in different parts of the world.  They decided to marry.  Tereschenko is expecting a child and currently living in Tijuana, Mexico in order to be closer to Morales. Morales visits her in Tijuana.  Morales worries that if his employment as a Border Patrol Agent becomes known during his visits to Tijuana, criminals may threaten Tereschenko. Meanwhile they wait.  Understandably, Morales laments that, "[i]t's even more upsetting to see first-hand to see how thousands of immigrants are being paroled into the United States on a daily basis. . . . To me this seems as if I am not important."  *See* Plaintiffs' Response, Exh. C, Declaration of Morales, at ¶14.

But, "[c]ourts must exercise caution before injecting themselves into areas entrusted to the Executive Branch. The need for caution is especially great when the decision involves the exercise of discretion.  That discretion includes an action plan for how best to handle untold hordes of applications. 'While the effect of an individual case would be minimal, an accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities.'" *Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (dismissing claims seeking mandamus and APA review for delay in processing I-129F fiancé petition finding 15 months delay not unreasonable) (quoting *Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021)(11 month delay)).

---

[1]     The majority of the facts set forth are taken from the Complaint and exhibits attached to Plaintiff's opposition brief.  For purposes of ruling on the Government's motion to dismiss, the Court assumes the truth of the allegations pled and liberally construes all plausible allegations in favor of the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

23-cv-1758-BEN-MSB

**B.     Procedural History**

Morales filed an I-129F petition for the benefit of Tereschenko on April 7, 2021. The I-129F petition was approved on July 12, 2022 and forwarded to the U.S. Embassy in Warsaw, Poland for further administrative processing.  Tereschenko appeared for an interview at the Warsaw Embassy on January 18, 2023 and submitted additional documents, as requested.  As of June 30, 2023, the Warsaw Embassy was still processing the petition.

Morales and his fiancé filed their Amended Complaint on December 26, 2023, alleging violations of: (1) the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (the "APA") in conjunction with the Mandamus Act, 28 U.S.C. §1361; and (2) the Due Process Clause of the Fifth Amendment of the United States Constitution.  The Government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6).

## III.   LEGAL STANDARD

The standards governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or (6) are well-known and undisputed.  A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint.  Subject matter jurisdiction always comes first.  For a Rule 12(b)(6), a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss.).

## IV.    DISCUSSION

### A.  Subject Matter Jurisdiction

Defendants contend there is no jurisdiction because the consular office made a decision when it "refused" the visa application under INA § 221(g).  That is not necessarily so, as an initial consular refusal setting the stage for additional administrative processing is typically part of the visa application process.  It is not a final decision. Courts have often recognized that administrative processing precedes a forthcoming final

3

1    decision. *See, e.g., Gonzalez v. Baran*, 2022 WL 1843148, at *3 (C.D. Cal. 2022) ("[A]t

2    a minimum, the genuine dispute of fact regarding whether the visa application has been

3    adjudicated to a final refusal precludes granting defendants' motion to dismiss."); *Nine*

4    *Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States*

5    *v. Kerry*, 168 F. Supp. 3d 268, 287 (D.D.C. 2016) (explaining that " 'administrative

6    processing' precedes – and does not equate to – a final determination"); *Billoo v. Baran*,

7    Case No.: 2:21-cv-05401-CBM-(JPRx), 2022 WL 1841611, at *4 (C.D. Cal. 2022)

8    (declining to conclude that a case was moot when the visa application remained in

9    administrative processing). Because the Warsaw Embassy has not yet made a final

10   decision and the petition remains in administrative processing, subject matter jurisdiction

11   is present. *Nine Iraqi Allies*, 168 F. Supp. 3d at 296-97.

### B.  Administrative Procedure Act & Mandamus

13   As alleged in the complaint, a "refusal" under INA § 221(g) places an application

14   into a status called "administrative processing," a temporary measure which signals the

15   applicant that process is ongoing while the Department of State continues to gather

16   information. *Nine Iraqi Allies*, 168 F. Supp. 3d at 284. In their Amended Complaint,

17   Plaintiffs assert two claims for relief premised on Defendants' delay in adjudicating the

18   visa application: (1) unreasonable delay under the Administrative Procedure Act in

19   conjunction with the Mandamus; and (2) a denial of Due Process rights.

20   The Court has subject matter jurisdiction over an APA claim under 28 U.S.C. §

21   1331. *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021). And under the

22   Mandamus Act, "[d]istrict courts have jurisdiction 'to compel an officer or employee of

23   the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Agua*

24   *Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th

25   Cir. 2019) (quoting 28 U.S.C. § 1361). The standard by which a court reviews agency

26   inaction is the same under both Section 706(1) of the APA and the Mandamus Act, 28

27   U.S.C. § 1361. Accordingly, courts may treat the inquiry under each statute as

28   coextensive with the other. *See e.g., Agua Caliente*, 932 F.3d at 1216 (analyzing claims

for relief under the APA and the Mandamus Act together "because the relief sought is essentially the same.").

The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and permits a court to "compel agency action unlawfully withheld or unreasonable delayed," *Id*. § 706(1).  Typically, courts go through the analysis for unreasonable delay when there has been a preliminary "refusal" of a visa application pending administrative processing.  An eight-year wait during administrative proceedings is deserving of mandamus.  *Patel v. Reno*, 134 F.3d 929, 932-33 (9th Cir. 1997) (holding a preliminary "refusal" of a visa application is not a refusal within the meaning of 22 C.F.R. § 42.81 if it is not a final decision); *Shahijani v. Laitinen,* No. 2023 WL 6889774, at *3 (C.D. Cal. Oct. 6, 2023) (holding that a refusal pending administrative processing does not defeat an APA unreasonable delay claim).

In determining whether an agency's delay is unreasonable, courts apply the six "*TRAC*" factors, named after the balancing test announced in *Telecomms. Rsch. & Action Ctr. ("TRAC") v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984).[2]  Unfortunately for Plaintiffs in this case, courts have often granted motions to dismiss in similar visa processing circumstances.  "A plaintiff must come forward with more than a run-of-the-mill passage of time, and a desire for things to go faster, to justify a writ of mandamus.

---

[2] The *TRAC* factors are:
(1) the time agencies take to make decisions must be governed by a rule of reason;
(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency in the enabling statute, that statutory scheme may supply content for this rule of reason;
(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
(5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.
*Vaz*, 33 F.4th at 1137 (quoting *TRAC*, 750 F.2d at 80).

23-cv-1758-BEN-MSB

After all, a writ of mandamus would move a plaintiff to the front of the line, and hopping the line imposes costs on other applicants." *Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (15 months not unreasonable for processing an I-129F fiancé petition) (citations omitted).

### 1. TRAC Factor #1 – Rule of Reason

The most important is the first factor, which is the "rule of reason."  In the context of  unreasonable delay involving visa application processing, delay is measured from the time that Plaintiffs attended the interview, not the time that they filed the visa petition. *Ferdowski v. Blinken*, No. 8:23-cv-01123-JWH-KES, 2024 WL 685912, at *4 & n.26 (C.D. Cal. Feb. 12, 2024) (citing *Shahijani,* 2023 WL 6889774, at *3).  "Generally, courts have found 'immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable.'" *Ortiz v. U.S. Dep't of State,* Case No. 22cv0508-AKB, 2023 WL 4407569 *8 (D. Idaho July 7, 2023).  More than one court has concluded a delay of slightly more than a year is "drastically short of what constitutes an unreasonable delay in the Ninth Circuit." *Id*. (quoting *Yavari v. Pompeo*, No. 2:19-CV-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)).

Here, as alleged in the complaint, after Tereschenko's consular interview her visa application was placed in administrative processing which reflects that the processing is ongoing while allowing the U.S. Department of State to gather additional information. This factor weighs in favor of Defendants as the alleged delay in this case begins with the date Plaintiff's fiancé was interviewed in January 2023.  The initial Complaint was filed in September 2023, nine months later.  The Amended Complaint was filed 11 months later in December 2023.  To date, only 17 months have passed.  This factor weighs in Defendants' favor and it is the most important factor.

### 2. TRAC Factor #2 – Congressional Timeline

Plaintiff argues, "Congress has expressed that immigration-benefit applications should be adjudicated within six months."   Section 1571(b) states that "[i]t is the sense

23-cv-1758-BEN-MSB

of the Congress" that immigrant benefit applications should be processed within 180 days, which has been interpreted by the Ninth Circuit as a "precatory" provision that does not "create individual rights or ...any enforceable law." *Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007).  This factor is neutral given that the visa application at issue was adjudicated through interview, refused, and placed in ongoing administrative processing.

### 3. TRAC Factors #3 and #5 – Prejudice and Health/Welfare Implications

The third and fifth factors overlap.  In this case, the Court acknowledges that Plaintiff's circumstances involving prolonged separation is a hardship, courts confronting similar circumstances consider the fact that pushing some applications to the front of the line will delay the applications of others, who also have human welfare and interests at stake.  *Ferdowski*, 2024 WL 685912, at *5 (quoting *Shahijani*, 2023 WL 6889774, at *4). Accordingly, the Court finds these factors are neutral.

### 4. TRAC Factor #4 – Effect of Expediting Delayed Action on Other Priorities

When evaluating the fourth TRAC factor, courts consider whether the delay stems from a "resource-allocation issue," which would "put[ ] [petitioner] at the head of the queue simply mov[ing] all others back one space ...[,] produc[ing] no net gain." *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (4-year delay) (quoting *In re Barr Labs, Inc.*, 930 F.2d 72, 75-76 (D.C. Cir. 1991)).  Under circumstances similar to those presented in this case courts have concluded that the fourth TRAC factor weighs strongly in favor of the government.  *E.g., Davila v. Cohen*, Case No.: 23cv1532 JLS (BLM), 2024 WL 711618, at *8 (S.D. Cal. Feb. 21, 2024) (10-month delay for I-130 visa petition); *cf. Skalka*, 246 F. Supp. 3d at 154 (processing of visa applications is "the very type of agency action ...that if compelled would presumably delay other adjudications"). "[W]here an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer,* No. CV 21-6653-DMG, 2022 WL 17370527,

at *5 (C.D. Cal. July 18, 2022) (18-month delay for an I-485 application).  The fourth factor weighs in favor of Defendants.

### 5.  TRAC Factor #6 – Bad Faith

The sixth TRAC is "not really a 'factor, but merely a confirmation that agency delay need not be intentional to be unreasonable.'" *Feng v. Beers*, No. 2:13-cv-02396 JAM, 2014 WL 1028371, at *5 (E.D. Cal. Mar. 14, 2014). This factor is neutral.

In sum, TRAC factors one and four favor Defendants, whereas the remaining factors are neutral.  Therefore, Plaintiffs have failed to state an APA or Mandamus Act claim based on unreasonable delay.  *Cf. Abbassi v. Gaudiosi*, Case No. 23cv1573-CDB, 2024 WL 1995246 (E.D. Cal. May 6, 2024) (11-months delay not unreasonable between consular interview for I-129F fiancé petition and date of order dismissing APA/mandamus claim); *Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (15-months delay not unreasonable for I-129F fiancé petition); *Yavari v. Pompeo*, No. 2:19-CV-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)); *but see Gonzalez v. Baran*, Case no. 21cv5902-CAS-ASx, 2022 WL 1843148 (C.D. Cal. Jan. 11, 2022) (motion to dismiss denied and status conference set where I-129F fiancé petition filed April 2019, petition approved June 2020, Complaint filed July 2021, consular interview conducted November 2021 and visa refused pending further administrative processing).

### C.  Plaintiffs' Due Process Claim

Plaintiffs claim for relief alleging violation of substantive and procedural due process under the Fifth Amendment to the U.S. Constitution is premised on the same conduct as the other claims: Defendants' delay in adjudicating Plaintiff's fiancé's visa application.  However, "the Supreme Court has already held that the regulation of spousal immigration does not impinge on a spouse's fundamental liberty interest." *Shahijani,* Case No. 23cv3967-RGK-MRW, 2023 WL 6889774, at *5 (citing *Kerry v. Din*, 576 U.S. 86, 96 (2015)).  The same is true for an alien fiancé.  Therefore, Plaintiffs' third cause of action fails to state a claim.

23-cv-1758-BEN-MSB

## V.  CONCLUSION

For the above reasons,

1.  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED and Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED;

2. Plaintiff's APA claim and Mandamus Act claim are DISMISSED *without prejudice. See Yocom v. United States Citizenship & Immigr. Servs*., No. 23-55430, 2024 WL 2206342, at *4 (9th Cir. May 16, 2024) (mem disp.) (district court erred when it dismissed Plaintiffs' APA claim without leave to amend the complaint); and

3.  Plaintiff's due process claim is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated:  June 7, 2024

_____

**HON. ROGER T. BENITEZ**
United States District Judge

9